UNITRD STATES DISTRICT COURT
NORTHORN DISTRICT OF ILLINOIS

FRED WILSON, pro se           )
                              )
            plaintiff,        )
                              )
V.                            )
                              )
HON. RICHARD A. DEVINE        )
STATES ATTORNEY OF COOK COUNTY)
ILLINOIS                      )
            defendant         )
                              )
                              )

**08CV3779**
**JUDGE KENDALL**
**MAG.JUDGE KEYS**

CIVIL COMPLAINT
* WRONGFUL CONVICTION

F I L E D

JUL – 2 2008
JuL 2 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

HON. RICHARD A. DEVINE
STATES ATTORNEY OF COOK COUNTY
50 W. Washington st.
Chicago, Ill. 606 02
(312) 603-5540

FRED WILSON, pro se
15628 S. Loomis st
Harvey, Ill. 60426
(7080 339-0092

UNITED STATE DISTRICT COURT
NORTHORN DISTRICT OF ILLINOIS


FRED WILSON, pro se )
)
        plaintiff )
)
V. )
)
HON. RICHARD A. DEVINE )
     STATES ATTORNEY OF COOK COUNTY )
     ILLINOIS )
)
        defendant )
)


## CIVIL COMPLAINT, WRONGFUL CONVICTION


    Now come the plaintiff Fred Wilson, proceeding pro se, and respectfully say that all state remedies has been exhausted.

    This court have jurisdiction pursuant to the Civil Sheet, Civil rights 440 and number (3) Federal Question inwhich the following authorities have refused to answer: Appellate court of Illinois, People of the state of Illinois and the Attorney general. The question is whether the appellee can alleged a charge of six theft items, then refuse to produce those items, defy a subpoena for those items, testify against the plaintiff and win the case without creating a conflict with the plaintiff's basic rights guaranteeing, amoung other things the right to a fair trial? Wherefore, If the answer is affirmative then there is no need for reversal. If not, plaintiff pray that this Hon. court reverse the courts Order affirming plaintiff conviction and allow plaintiff to clear his record.

Respectfully submi
tted
Fred Wilson, prose.

UNITED STATES DISTRICT COURT
NORTHORN DISTRICT OF ILLINOIS


FRED WILSON, pro se    )
          )
   plaintiff     )
          )
V.          )
          )
HON. RICHARD A. DEVINE  )
STATE ATTORNEY FOR COOK COUNTY )
ILLINOIS        )
          )
   defendant    )
          )


MOTION FOR THE APPOINTMENT OF COUNSEL
AT THE PLAINTIFF's EXPENSE


  Now before the honorable court is the plaintiff in re-
lest of this court t o select an attorney for plaintiff who will
present the plaintiff's interest to a fair trial.  You notice that
aintiff selected two attorneys that clearly didn't have plaintiff's
iterest in heart.  Rather than strike out with another bad attorney,
aintiff is asking the court to select one.


         Respectfully submitted

         Fred Wilson, pro se

IN THE SUPREME COURT OF ILLINOIS

|  |  |
|---|---|
| FRED WILSON<br><br>petitioner<br><br>V.<br><br>PEOPLE OF THE THE STATE OF ILLINOIS<br><br>respondent | APPELLATE COURT, FIRST<br>DISTRICT, CASE NO. 06-1156<br><br>CIRCUIT COURT, COOK COUNTY<br>ILLINOIS, SIX JUDICIAL<br>DISTRICT CASE NO. 05-60055-<br>020. THE HON. JOHN J.TURNER<br>PRESIDING JUDGE. |

PETITION FOR LEAVE TO APPEAL
PURSUANT TO SUPREME COURT RULE 315

FRED WILSON pro se
15628 S. Loomis st.
Harvey, illinois
(708) 339- 0092

## PRAYER FOR LEAVE TO APPEAL

Come now the petitioner, Fred Wilson, pro se, pursuant to supreme court rule 315, and respectfully petition the court for leave to appeal from from the decision of the appellate court, first district.

## JUDGEMENT BELOW

JUDGEMENT ENTERED ON OCTOBLE 19th, 2007.  Petition for rehearing was denied on November 14th, 2007.

## POINTS RELIED UPON

1.  Wrongful conviction

2.  The right to a fair trial

3.  The record will show that the State renèig on the product-
    ion of the evidence under the subpoena.

4.  The trial court erriored in denying the motion to reconsi-
    der

5.  The trial court refusal to reconsider conflicts with the
    petitioner right to the benifit of ILCS 5/108 B-11 of the
    code of criminal procedure,

6.  Of the five questions presented on appeal, not a one of them
    was addressed.  Amoung the five questions was:  Whether the
    appellee can alleged a charge of six theft items, then re-
    fuse to produce those items, defy a subpoena for those items,
    testify against the petitioner and win the case without cre-
    ating a conflict with the petitioner basic rights guarante-
    ing, amoung other things the right to a fair trial ?

## STATEMENT OF FACTS

It was on April 8th, 05, and the petitioner was in the process of installing a centrial air unit in one of my building. Before me I had laying on the ground all of the items in which I am now convicted of. A female friend of mines asked me to take a minute to drive her to K-mark in HomeWood. Ill. Once there I explained that I would run over to Home Deport to exchange some bad paint and make a payment on my account. The friend, Mrs. Barbara Taylor, asked me to seel if I could find the correct size vacuum cleaner belts for her as she had purchased several of them and none was the correct size. She handed me three belts, similar to those used to handle bundles of mail. I entered Home-Deport with the bans in my hand. Let me add that the items I had on the ground, I picked them up and put them in my pockets. Carrying the bans in my hand, it caught the attention of the security officer; Mrs. Susan Venturelli.

As I traveled through the store I selected several items; took it to the North cash register and paid for it. As I was leaning the four 10' conduits pipes against the wall, I was approached from behind by a voice which asked me : What did you do with those bans that you had in your hand. I turned around and said oh, its in my pocket. I was asked what else did I have in my pocket? As I remove shom of the items I was then told to proceed to the secruity office, inwhich I was charged with retail theft.

The petitioner obtained Att. Mitchell Sexner, for a sum of $775.00. First court date: May 23, 05. The court: Do you have an aggrement? Ms. Bedsole for defendant no, we don't have an aggrement. I have had a chance to talk with the state.

(1)

And we issued a subpoena to Home-Deport loss prevention. I'll tender an original to the court. And in that subpoena, which I believe I've shown to the state, we're asking for any and all internal and external reports, memoranda, field notes, personal notes, incidents report, logs and underlying disks, Video and audio tapes, or any other matter of record regarding the defendant, including but not limited to, the alleged incident. I think thats fairly clearly that we're asking for any viodo, at least that was in the store of Home-Deport on that day. The court: okay. Do you have anything? Mr. Sorich, No judge. The court; And do they know if they have a video? Mr. Sorich, the complaining witness said she's going to look into it, judge. Ms. Bedsole; and if I could, I would like to get an Order from you saying that they should comply with it. The court; okay. You intend to comply with that; correct? Mr. Sorich;

Yes judge._ Whatever video or audio tapes that are available, we'll certainly tender. The court: Okay. if you want to write an Order, I'll sign it. And they've also stated to the court that they intend to comply. Ms. Bedsole; I would like to have a video before that time. P. 3. L 16 to P 4 20

After that, counsel is asking for an addictional $ 675.00 and, when petitioner refused counsel file a motion to dismiss. The petitioner then turned to Att. Ramond Morrissey. who was made fully aware of the premise. Att. Morrissey wanted me to except the state's offer to dismiss and merely agree not to enter Home_Deport again.

He offered to return $100.00 of the $650.00 for the plea. Petitioner rejected the offer for reasons that the property is that of the petitioner. For that reason, counsel knowingly and intentionally failed to protect the petitioner right to a fair trial.

(2)

In that, he allowed the case to proceed without the state producing a single piece of evidence. The plaintiff, not only withheld all of her evidence, but the petitioner's evidence as well; the receipt for the petitioner's purchased, confiscated at the time of the arrest. Tran. P 19. L6 (Q) And then did you recover a receipt for these items? The witness: Can I look in this,, your honor? See if I have it? The court yes. (pause) The witness: I don't have a receipt for anything that he bought. I just have the information of the stuff that he has taken. TAKE NOTICE, of the many items alleged, not one was presented. Tran. P. 22 L 1. Plaintiff: We even had the packages that he had taken the merchandise out of. L 7 (Q) And you recovered the containers that those product are in, correct? (A) At that time. (Q) And you don't have those with you today? (A) No sir, it was a year ago. The purpose here is to show that nothing is before the court but accuzations without the subpoenaed items.

Counsel for the petitioner is asking about the steel object that petitioner was supposed to have used to open up the theft packages: Tran. L 12 to 22 P 16. Anf it was after he took the starter box out of the plastic that he walked to the plumbing department, is that correct? (A) No sir, he did not take it out of the plastic until he went to the plumbing department and got an instriment in the plumbing department that was sharp enough to cut the plastic. (Q)

And what item did he get from the plumbing department? (A) You know what, sir, i'm not sure as to what item. I just know that he cut open the items in the plumbing department. It was a year ago. The petitioner is unable to defend his innocense against mere accuzations without the subpoena items. (Q) And at the time he went to the return counter, he stood all of the conduits 10' up against the wall; is that correct? (A) That sir, it was a year ago.

Tran. P 17 L 10:   (Q) Did you bring any of the items that you are allegeing that he stole from Home-Deport that day with you to-day?  (A) No sir.  Tran. L 9 to 13 P 21 (Q) And you stopped my client with your partner, and handcuffed him.  (A) I did not hand-cuffed him.  (Q) Your partner handcuffed him.  (A) That, i'm not sure, it was a year ago.  The petitioner was declared guilty of retail theft and sentence to one year probation, and no jail time.

## MOTION TO RECONSIDER ON INEFFECTIVE ASSISTENCE OF COUNSEL

The court: Sir, you agreed to go to trial on March 7th, Mr. Wilson:  The attorney did.  Did you notice that I stated in the motion I asked counsel to ask the court to produce those - - to produce the items in which the plaintiff complains of, as well as a video of the security camera. : That's where my defense lies at.

If the petitioner conduct was as the plaintiff alleged, well, I would think that the average,reasonable person would conclude that the security camera would resolve the conflict.  And without that  security camera, I cannot defend my position. It was agreed upon they were suppose to have been furnished.  We've been to court five or six times since May the 23rd.  Soon to be May again.  And the plaintiff never produced those items.  The court:  Well, they may or may not produce their discovery.  I take it from the posture of when you first appeared before me, which was March 7th, no one indicated that they were not ready for trial.  You were silent.

Counsel was silent as to addictional discovery.  Both sides went - - both sides agreed to go to trial that day.

(4)

Mr. Wilson:  Well, thats the purpose for me claiming ine-
ffective assistance of counsel.  Because those issues should have
been argued.  He was fully aware of the premise.  He was aware of
the agreement, the stipulation; and nevertheless he stood here and
he made no request that these items be presented.  That is the
purpose for me complaining of ineffective assistance of counsel.

Coupled with the fact, I sent him - - I wrote him a note
standing right here and asked him to ask the court about the secu-
ity camers and the items in which the plaintiff complains of.  The
record will show that he never made that request.  I was in fear of
speaking out on my own because of the position that the court had
taken against me.  Motion to reconsider P 5 L 4 to 6 L 24

Tran. L 17 to 21 P 13 :  Well, sir I think you're one
person that no matter what I say or how I rule, you're not going
to be happy with it.  So lets just cut the matter short.  I'm deny-
ing your motion to reconsider.  Tran. P 14 L 20 to 24;  The court:
Yes, you can draw that up.  Mr. Wilson:  Okay.  Where's the Orders?

The court:  You are now acting pro se.  It's in your
court.  You're going to get treated like him.  Okay? Mr. Wilson So
you can'teven tell me where the orders are?  The court:  I'm not
helping anyone's case whatso ever............ .

## PITHY ARGUMENT

The setting is clear; the petitioner didn't come close to
receiving a fair trial.  The state reneige on the production of the
subpoenaed items as well as the complaining witness.  The petitioner's
representation was next to no representation at all.  Counsel had
a duty to follow the same prosedure as the first attorney to sub-

poena any and all evidense relating to the defence of the petitioner. Counsel was so apathetic to protecting the petitioner's right to a fair Trial until he didn't bother to draw up an Order. You may argue that he was a lawyer of my choosing. That's well true. However, when he failed to follow the rules of defense, then, it becomes a matter for your consideration. A responce to the appell* ate court's ruling is attached and need not be rehashed. For the reasons setforth herein, petitioner pray that this Hon. court reverse the appellate court's ruling.

Respectfully submitted

Fred Wilson, pro se.

FOOT NOTE:  The thought is frighening, that I placed my money, and liberty into the hands of an attorney who allows me to drift  into a position where I could have been jailed. That judge wanted to injure me!

APPENDIX

**NOTICE**

The text of this order may be changed or corrected prior to the time for filing of a Petition for Rehearing or the disposition of the same. *Harris*

SIXTH DIVISION
October 19, 2007

No. 1-06-1156

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 05 6005502 |
| | ) | |
| FRED WILSON, | ) | Honorable |
| | ) | John D. Turner, |
| Defendant-Appellant. | ) | Judge Presiding. |

O R D E R

Following a bench trial, defendant Fred Wilson was found guilty of a misdemeanor charge of retail theft and sentenced to 12 months' supervision. Defendant's period of supervision expired on March 6, 2007.

Defendant appealed and the State Appellate Defender, who was appointed to represent him, filed a motion for leave to withdraw as appellate counsel. The motion was made pursuant to Anders v. California, 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967), and is accompanied by a brief in which counsel concludes that this case is moot because defendant's sentence has already been discharged. Counsel further concludes that even if not moot, there are no issues of merit warranting argument on appeal. Copies of the brief and motion were sent to defendant and he was advised that he might submit any points in support of his appeal.

1-06-1156

Defendant filed a pro se "Motion for Change of Appellant's Attorney (Or) Allow the Pending Appeal Pro Se To Go Forward" which this court is considering as a response to counsel's Anders motion.  Defendant contends that his privately-retained trial counsel rendered ineffective assistance because he failed to protect defendant's right to a fair trial when he allowed the case to proceed without the State producing any of the items defendant was accused of taking from the Home Depot store. Defendant asserts that he cannot be convicted of retail theft without the production of these items.  Defendant further asserts that another private attorney has read his appeal and disagrees with the State Appellate Defender's assessment of the case, and argues that this court should therefore appoint him a new attorney or allow his case to proceed pro se.

At trial, loss prevention officer Susan Venturelli testified that on April 8, 2005, defendant entered the Home Depot store in Homewood, Illinois and attempted to return a can of paint, but was declined.  Venturelli then witnessed defendant remove some vacuum belts from a display and walk to the electrical department where he placed those belts inside his coat pocket.  She then saw him select a starter box, a thermal coupler, a rigid tube cutter and a voltage tester.  Defendant carried those items to the plumbing department where he used a steel object to open the packaging of the thermal coupler, and placed all of the items

- 2 -

1-06-1156

inside his coat and pants pockets.  Defendant returned to the
electrical department, selected two pieces of 10-foot-long
conduit, and carried it to the cashier where he paid for the
conduit only.  Thereafter, defendant returned to the electrical
department, picked up two additional pieces of conduit, walked to
the returns desk and retrieved his can of paint, then walked past
all points of sale and into the front vestibule where he was
stopped by Venturelli as he attempted to exit the store.

Defendant testified that he brought the vacuum belts and
electrical items into the store with him and that the items were
already inside his pockets when he entered the store.  Defendant
testified that he purchased two pieces of conduit and some other
items including a hack saw and a box of screws.  As he was
leaving the store, defendant recalled that he had forgotten his
can of paint and also wanted to make a payment on his credit card
account, and as he proceeded to the customer service desk, he
picked up two additional pieces of conduit which he intended to
pay for at the service desk.  Defendant testified that Venturelli
approached him at the service desk before he was able to pay for
the additional conduit, and that he had not passed the last
cashier without paying for any of the items.

None of the items defendant was accused of taking were
produced in court.  The trial court found that Venturelli
testified more credibly than defendant and found him guilty of

1-06-1156

retail theft.  The court sentenced defendant to 12 months'
supervision and ordered him not to have any contact with the
Homewood Home Depot store.  The court expressly stated that
defendant's period of supervision would end on March 6, 2007.

Defendant subsequently filed a pro se motion to reconsider
the trial court's judgment arguing that his privately-retained
trial counsel rendered ineffective assistance because the items
defendant was accused of taking were not presented in court.  At
a hearing on defendant's motion, at which defendant elected to
proceed pro se, the trial court noted that the parties had
answered ready for trial and that some trials are conducted
without discovery being completed.  The State asserted that it
had decided to proceed with the trial without presenting any of
the items.  The court found that defendant could have subpoenaed
the items if he wanted them produced at trial, and denied his
motion to reconsider.

In this appeal, defendant maintains that his privately-
retained trial counsel rendered ineffective assistance because he
allowed the case to proceed to trial without the State producing
any of the items he was accused of taking from the Home Depot
store.  Defendant asserts that he cannot be convicted of retail
theft without the production of these items.

We find no merit in defendant's claim.  Contrary to
defendant's assertion, this court has previously held that the

1-06-1156

State is not required to produce the stolen merchandise in court
in order to sustain a conviction for retail theft. People v.
Mikolajewski, 272 Ill. App. 3d 311, 317 (1995). It therefore
follows that because the State was not required to produce the
items in court, counsel cannot be found ineffective for allowing
the case to proceed without challenging the absence of those
items as counsel is not obligated to perform futile acts. People
v. Goodloe, 263 Ill. App. 3d 1060, 1073 (1994).

In addition, we reject defendant's request to provide him
with a different counsel for this appeal based on his claim that
another private attorney has read his appeal and disagrees with
the State Appellate Defender's assessment of the case.  Letters
attached to defendant's response show that private attorney Louis
Kiefor questioned whether defendant's case was moot; however, he
did not claim that there were meritorious issues to be raised on
appeal.  A subsequent letter from the State Appellate Defender
explained to defendant that regardless of whether or not his case
was moot, the Anders motion argued that there were no meritorious
claims to be raised on his behalf.  We thus find that there is no
disagreement as to the merits of this appeal.

Accordingly, we grant the motion of the State Appellate
Defender for leave to withdraw as counsel, and affirm the
judgment of the circuit court of Cook County.

Affirmed.

McNULTY, J., with JOSEPH GORDON and O'MALLEY, JJ., concurring.

- 5 -

## IN THE APPELLATE COURT OF ILLINOIS
## FIRST JUDICIAL DISTRICT

PEOPLE OF THE STATE OF ILLINOIS,       )
                                       )
        Plaintiff-Appellee,        )
                                       )
    v.                                 )    No. 1-06-1156
                                       )
FRED WILSON,                           )
                                       )
                                       )
        Defendant-Appellant.       )
                                       )

### ORDER

    Upon consideration of the petition for rehearing of defendant-appellant,

    IT IS HEREBY ORDERED that said petition for rehearing is DENIED.

**ORDER ENTERED**

NOV 1 4 2007

APPELLATE COURT, FIRST DISTRICT

_____
Presiding Justice Jill K. McNulty

_____
Justice Joseph Gordon

_____
Justice Denise O'Malley

105720

**SUPREME COURT OF ILLINOIS**
**CLERK OF THE COURT**
SUPREME COURT BUILDING
SPRINGFIELD, ILLINOIS 62701
(217) 782-2035

January 30, 2008


Mr. Fred Wilson
15628 S. Loomis Street
Harvey, IL 60426

No. 105720 - People State of Illinois, respondent, v. Fred
              Wilson, petitioner.  Leave to appeal, Appellate
              Court, First District.


The Supreme Court today DENIED the petition for leave to
appeal in the above entitled cause.

The mandate of this Court will issue to the Appellate Court
on March 6, 2008.

06=1156

APPELLATE COURT OF ILLINOIS, FIRST

JUDICIAL DISTRICT

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | TO: The appellate court of |
|         appellee-plaintiff | ) | illinois, first district |
| | ) | From the circuit court |
|     V. | ) | of illinois, cook county |
| FRED WILSON, | ) | Hon. John J. Turner |
|         appellant-defendant | ) | presiding judge. |
| | ) | No. 05- 60055020 |

---------------------------   ------------------------------

__PETITION FOR REHEARING__

TO THE HONORABLE JUSTICS OF THE APPELLATE COURT:

Respectfully submitted

pro se appellant

Fred Wilson  (708) 339-
0092

APPELLATE COURT OF ILLINOIS, FIRST
JUDICIAL DISTRICT

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | TO: THE APPELLATE COURT |
| appellee- plaintiff | ) | OF ILLINOIS, FIRST |
| | ) | JUDICIAL DISTRICT |
| v. | ) | FROM THE CIRCUIT |
| | ) | COURT OF COOK COUNTY |
| FRED WILSON, | ) | ILLINOIS |
| appellant- defendant | ) | HON. JOHN D. TURNER |
| | ) | presiding judge |
| | ) | No. 05-60055020 |

## RESPONSE TO THE APPELLANTE ORDER OF OCT. 19th 05

The appellant, Fred Wilson, proceeding pro se, and respectfully
respond to the order, affirming the circuit court's judgement of March
7, 05.  The appellant has read the order and respectfully say that the
order has deluted the appellant's meritoruous actions from revelant,
to irrevelant; and may not be reliable for reasons that it cannot with-
stand scruntinty.  The appellant say first that of the 5 central ques-
tions present, not one has been addressed.  This was the basis for the
$100.00 filing fee.  The appellant would like to know whether the app-
ellee, can allege a charge of theft of 5 items; refuse to produce
those items, defy a lawful subpoena, for those items; testify against
the appellant and win the case without creating a conflict with the
appellant's basic right, guaranteeing us, equal protection under the
law?  The appellant would like to know whether ILC 5/108 B-1, of the
Criminal Procedure can be relied on, which allows for the production
of the video entercepted through its private commonication, capturing
an affence purported to be committed by the appellant?

Is it equal justice when the appellee, not only withhold all of the evidence but, the appellant's evidence as well confiscated at the time of the arrest; the receipt for the appellant's purchase?

Tran. P 19. L 6, (q) And then did you recover a receipt for these items? THE WITNESS: Can I look in this, your honor? See if I have it ? The court yes. (pause) THE WITNESS: I don't have a receipt for anything that he bought. I just have the information of the stuff that he had taken. TAKE NOTICE, Of the many items alleged, not one was presented. Trans. P 22 L 1. Appellee: We even had the packages that he had taken the merchandise out of. L7 (Q) And you recovered the containers that those products are in, correct ? (A) At that time.

(Q) And you don't have those with you today? (A) No sir, it was a year ago. ( The trier of fact calls this credible testimony)

The purpose here is to show that nothing is before the court but accuzations, and not a trace of evidence: Counsel for the appellant is asking about the steel object that appellant was suppose to have used to open up the theft packages: Tran. L 12 to 22 P 16. And it was after he took the starter box out of the plastic that he walked to the plumbling department, is that correct? (A) No sir, he did not take it out of the plastic until he went to the plumbilg department and got an instriment in the plumbling department that was sharp enough to cut the plastic. (Q) And what item did he get from the plumbilg department (A) You know what, sir, I'M not sure as to what item. : I just know that he cut open the items in the plumbing department. It was a year ago. The appellant is unable to defend his innosence against mere accuzations. ( Before the court the appellant alleged that at the cash register, that he was approched while adjusting the four 10' conduits up against the wall) (Q) And at the time that he went to the return counter, he stood all of conduits pipes up against the wall; is that correct? Tran. P 20 L 12: (A) That sir, it was a year ago:

( Regarding appellant being handcuffed.) (Q) Trans. L 9 to
13 P 21. (Q) And you stopped my client with your partner, and hand -
cuffed him. (A)  I did not handcuff him.  (Q) Your partner handcuffed
. (A) That, I'M not sure sir, it was a year ago. ( There is nothing
before the court to convict the appellant on and, nothing that the app-
ellant can challenge.  The appellant can only say that he is not guilty.

Considering the state offered to dismiss merely upon
concurring not to enter Home Deport again, don't you know that if I
was guilty of these charges, that I would have excepted it with jet like
speed.  But I'M not guilty.   The order attempts to defend its college
against appellant's charge of ineffevtive assistance of counsel.

Take Notice, there is no ORDER in your file of March 7, 05
depicting that appellant was declared guilty.  This is a prerecization
in a criminal trial. Is this not true?  It is to be attached to the
notice of appeal, correct?  The Order, goes on to say that:  P 5 of the
order It therefore follows that because the state was not required to
produce the items in court, counsel cannot be found inerrective for
allowing the case to proceed without challening the absense of those
items as counsel is not obligated to perform (FUTILE ACTS) The appellant
would like to remind the order that appellant continue to alleged that
the property is that of the appellant; that he was using them and,
had these items lying on the ground in the dirt.  Had these items been
produced, there may have been some grass, dirt, or, other evidence,
evidencing that these items has been previously used which would have
vendicated the appellant. ( DOES THE ORDER CONTINUE TO HOLD THAT THE
PRODUCTION OF THESE ITEM WOULD HAVE BEEN FUTILE ?  Four sides of the
order reiterate what the appellee said that appellant was cutting
open package and going from the electrical department to the plumbling

department putting the bags in his left pocket and jeans,
that the appellant used a steel object to open packages. However,
the order conwenently over looks the fact that ABOVE, are 40 security
cameras; recording the appellant every movement. Again, for the record,
had this camrea, this videp; been demanded, there would be no need to
reduce this charge to credibilty spectulation ruling. It would have
solved the conflict. Creating a different verdict. DOES THE ORDER CON*
TINUE TO HOLD THAT THAT IT WOULD HAVE BEEN A FUTILE ACT, TO DEMAND
THESE ITEMS BE PRODUCED ? The order goes on to say that the trier of
fact stated that if appellant wanted to use these items, it could have
used its subpoena power. Trans. P L 20. The state concurred, saving
defendant has the same subpoena power for the video tape as we do.

And we proceed to trial without it. The defendant could have
subpoena those videy, should he wanted to use those at trial.........

P 9 L 1, When we turn to page 3, L 19 of the first hearing
on May 23rd 05., ( counsel for defendant) And we issued a subpoena to
to Home Deport loss prevention. I'll tender an original to the court.

And in that subpoena, which I believe I've shown to the state
we're asking for any and all internal, and external reports, memoranda,
field notes, personal notes, incident reports, log and underlving disks
videp, and audio tapes, or any other matter of record regarding the
defendant; including but not limited to, the alleged incident. I
think that's fairly clear that we're asking for any video, at least
thar was in the store of Home Deport on that day. P 4 L 23 of may 05.

The court. and do they know if they have a video? The
state, The complaining witness said she's going to look into it, judge.

Counsel for defendant. P 4 L 20, may hearinh:  And if I could
I would like to get an order from you say that they should comply with it.

The court: okay, you intend to comply with that; correct?

The state: P4 L 24 ; Yes judge. What ever video or audio that are availible, we'll certainly tender. The court okay. If you want to write an order, I'll sign it.: And they also stated to the court that they intend to comply. Ms. Bedsole for the appennant.: I would like to have a video before that date. It would appear that these items were intended to be used at trial. Counsel Morrissey was fuly advised of the permise and, at that point he had a duty to demand these items! Att. Morrissey deliberately and knowingly failed to demand these item as I wrote him a note requesting it. I pushed the note to him, and he pushed it back to me. ( Appellant. P 5 Trans. L 6:

Did you notice that I stated in the motion that I asked counse to ask the court to produce the items inwhich the plaintiff complains of as well as the video of the security camera. Thets where my defense lie at. P 5 to 20 Trans: And without that video, camera; I cannot defend my position. It was suppose to be furnish. It agreed upon. We've been to court five or six times, since may 23, 05. Soon to be May again And the plaintiff never produced those items. The court: Well, they may or may not produce their discovery. I take it from the posture when when you first appeared before me, which was March 7, 05 no one indicate that they were not ready for trial. You were silent, COUNSEL WAS SILENT AW TO ADDICTIONAL DISCOVERY. NO ONE EVER RAISED THE OBJECTION AS TO WHY WE CAN'T GO FORWARDED: BECAUSE WE NEED NECESSARY ITEMS OF DIS* COVERY.: Mr. Wilson: Well, thats the purpose for me claiming ineffec- tive assistence of counsel.,; Regarding the order, appellant took notice to the mention of the pro se, proceeding. The only thing that I can say is that had I proceed pro se at trial; the state would had no choice but produce those items or, dismiss. I would have insist upon every* thing due me. I wouldn't let the state get away with nothing!

It is also worthy of mention that the order points out with specificity each contentions that the appellate public defender alleged.

That the appellant's case is without merit as well as moot. That appellant's private attorney failed to mention that appellant had meritoreous issued to raise on appeal. However, its obvious that the order would like to canvas that the state's attorney that answered the appellant's appeal stated in unequival language that : the appellant's BASIC for an appeal is fairly clear. What are we saying here, that the appellate public defender know's the law better than the state's attorney?

There is clearly a dispute between these two attorneys. The appellant would say that its the public defender who is in error for reasons that if the public defender is correct then, we cannot rely upon the constitutional protection if it allows me to be treated in this way.

To lodge a charge of theft and with hold all of the theft items, defy a lawful subpoena, and testify against the accuser; is clearly inequible and unjust. If there's no justice on this level, may be there's some above. Wherefore, this case is won on your own rules of law. Why clog the supreme court with something suppose to be settled here and now? The appellant respectfully ask of this honorable court to reverse this conviction or, turn your TITLE toward the wall. You can't be honorable and reject your own rules of law.

Respectfully submitted

Fred Wilson, pro se appellant

IN THE CIRCUIT COURT OF COOK COUNTY ILLINOIS,
MUNICIPAL DEPARTMENT, SIX DISTRICT


PEOPLE OF THE STATE OF ILLINOIS

                          plaintiff     )    Case No. 05-600550201
                                        )
                    V.                  )    JUDGE J. TURNER
                                        )
    FRED WILSON                         )    ROOM
                                        )
To: SUSAN VENTURELLI        Defendant   )
    17845 HALSTED                       )
    HOMEWOOD, ILL. 60430

                    MOTION TO RECONSIDER JUDGEMENT
                    MOTION FOR THE COURT TO REMOVE
                    ITS SELF FROM THIS CASE
                    INEFFECTIVE ASSISTANCE OF COUNSEL

        The defendant Fred Wilson, proceeding pro se and respectfully
say that the Supreme Court of Illinois does provide for the filing of a
motion upon judgement for reconsideration.  To depict the errors relied
upon as reversible errors. O March 7-06 this court declared the defendant
guilty of retail theft with a sentence of four months and, no time served.


        The defendant complains that the State knowingly reneged on
on the stipulatio before the original judge of room 201.  In that the
agreement was that plaintiff provide the defendant with a video of the
security camer for the time of the alledged theft.  This security watch is
so relevant without it effectively deprives the defendant of a fair and im-
partial trial.  The plaintiff stated before this court that defendant was
cutting open packages and going from one place to the other selecting things
to conseal.  Defendant disputes said accozation.  If the defendant conduct
was as alledged, surely 40 security cameras would have detected such actions
        The plaintiff adsured the court that such video will be produce
as well as the items set forth in the complaint.

        On December 19 05 the the plaintiff failed to produced  these
items as well as on March 7-06.  The State, as well as the plaintiff by
passed said agreement merely by a change of judge.  If plaintiff deny said
agreement, defendant ask that the matter be resolved by the court who ex-
cepted said agreement.  The defendant argue that there is just no way for
the State to have proved its case absent of these agreed items.  Should the
original judge is not avaible, the defendant ask for an Order upon the
attorney who demanded said item be produced; Att. Mitchell S. Sexner.


        These items were willfully with held to deprive the defendant
of a fair and imparcial trial.  40 security camers is more reliable than
the word of one indivual.

        MOTION FOR THE COURT TO RECUSE ITS SELF FROM THIS CASE


        The defendant respectully argue that this court is inequitabl

Continue from page 1

_____ unjust While the defendant visited the bath-
room and counsel running late, in a matter of minutes the court issued a war
rant for the defendant arrest.  Then scolled the plaintiff for not being
in court.  Absolutely no consideration was given to the fact that defendant
had been setting in court since 9am and the court was calling 9am cases
at 11am.  The first case called happen to be defendant and 3 minutes on
the bench and Ordered a warrant.  There is nothing unual for a judge to set
a case aside to allow people to come together.  With no regard for the fact
that counsel too was not in court; there was no admonishing to counsel.

The defendant waited for the court 2 hours for a judge and the court
wouldn't give the defendant  at least a 5 minute courtescy delay.  Then
the court complained of his inable to understand defendant dialect and the
defendant was treated different from the plaintiff, who fully gave her
verson in full detail.  However, the record will show that defendant was
systematically interepted, cut off and to this day the court has not heard t
the defendant side in full detail.  The court never heard that the plaintiff
was unable to establish that the unwrapped items could not be proven to be
that  of Home Deport with out wrappers so, the plaintiff took said items
into the store to match it to a price to give a price of $63.00, and dis-
regarded items which could not be priced.  This court couldn't possibley
have ruled on the evidence which was not before the court.  Not only that,
the court would not heard  State couldn't have proved its case when they
knowingly re reneged on the stipulation to produce that video and the items
complained of.  These are reversible errors.

## INEFFECTIVE ASSISTANCE OF COUNSEL WHO ACKNOWLEDGED TO
### BE INEFFECTIVE.  NO ORDER DRAWED UP

The attorney, Ramond MorrisseyTook the plaintiff aside and engaged
in a conversation; then offered the defendant a return of $100.00 not to
go to trial but, except the offer to dismiss.  Before the court I wrote on
a piece of paper to demand the evidence be be produced as well as the video
The record will show that no such request was made.  Due to the
position of the court, defendant was in fear to speak out on the basis of
of the position that the court had taken against me.  Counsel didn't want
to represent this case and any attorney upon a reading will recognize that
my representation was next to none.  The defendant can represent his on
interest better than received.

### AFFIDAVIT

The defendant swear under the penity of law that there was an
agreement before the original judge that State and the plaintiff would pro-
vide a copy of the items set forth herein.  Wherefore, the defendant pray
that the court spare the defendant of an Appellate Court Review and, re-
verse the March 7, 06 conviction and grant a new trial which will allow
the defendant a fair and equitable trial.

Respectfully submitted
Fred Wilson

06-1156
APPELLATE COURT OF ILLINOIS, FIRST
JUDICIAL DISTRICT

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | TO: THE APPELLATE COURT |
| | ) | |
| appellee | ) | OF ILLINOIS, FIRST JUD* ICIAL DISTRICT |
| | ) | |
| v. | ) | FROM THE CIRCUIT COURT |
| | ) | |
| FRED WILSON, | ) | OF COOK COUNTY, ILLINOI: |
| **FILED** appellant | ) | HON. JOHN D. TURNER |
| | ) | |
| | ) | ROOM 201 No. 05-600550? |

**FILED**
APPELLATE COURT 1st DIST.

MAY 22 2007

STEVEN M. RAVID
CLERK

MOTION FOR CHANGE OF APPELLANT'S ATTORNEY, (OR)
ALLOW THE PENDING APPEAL PRO SE TO GO FORWARD

The appellant, Fred Wilson, proceeding pro se and asking of
the court to appoint a new attorney, (or) allow appellant's pending
appeal pro se to go to a ruling on the face of its merits for the
following reasons:

### PITHY SUMMARY

The appellee is Home Deport who alleged in its complaint that
appellant committed a crime of theft of certain items.

At trial representing the appellant was Att. Mitchell Sexner;
who agreed to reppresent me for a sum of $775.00.

On the first court date, counsel is now asking for an addiction:
$675.00. When appellant refused counsel filed a motion to withdraw.

Appellant then turned to Att. Ramond Morrissey who was fully
advised of the premises. Att. Ramond wanted me to except the state's
offer to dismiss and concur not to enter Home deport again.

The appellant rejected the offer for reasons that the items
alleged is the property of the appellant. The appellant also rejected
counsel offer to return $100.00 of the $600.00 fee for the plea.

For that reason, counsel knowingly failed to protect the app-
ellant's basic rights to a fair trial. In that he allowed this case
to go forward without the state, and appellee producing a single item

alleged in the complaint.  The record will show that both
parties assured the court on the first court date that such items would
be tendered to the appellant.  It will also show at that time counsel
telling the court that:(I ALSO ISSUED A SUBPOEA TO HOME DEPORT LOSS PRE*
PREVENTION: setting forth all that was requested. Video especiall.

Even under subpoea, no such items was ever presented under
the representation of Att. Morressey, plus the appellee was allowed to
testify against me.

The appellant was found guilty on March 7, 06.  A pro se
appeal was timely filed.  The appellant paid the $100.00 fileing fee
along with 9 copies of the appeal.

Later, the state answered the appeal and presented several
complaints:  That appellant failed to incorporate points and authorities
                    It complained that the lay out of the appeal was not in ord
Procedure complaints.

However, neigher the state at trial nor the state on appeal
ever uttered a line in suport of this conviction.  While the state com-
plained that an attorney would not be allow to by pass procedures and
that appellant should be held to the same standards as an attorney.

The appellant then motioned the court for the appointment
of counsel to incorporate in the appeal some points and authorities and
make the necessary adjusments to satisfy ths complaint.

The appointed counsel here, Att. Levis Harris, is as viguous
as counsel at trial for me to drop this case.  He argue that there is no
a thread of merit to my case.  I was given several different reason to
dismiss.

However, Att. Harris has three oppositios to his contentios
that no merit exist here:  While the state belittle this appeal, he
stated in no uncertains term: That the appellant's basis for an appeal
is fairly clear.  It also stated that courts has been known to rule on
appeals wothout foint and authorities.  Further, Counsel is again 🖝 in
opposition with a private attorney who read the appeal and does not
concur with Att. assesment of this case. If the appellee has refused to
present the evidende against me, and testify against me then we have a
constutional issue here which guarantee us; equal protection un the law.

The appellant also argue that there can be no theft without
the production of the evidence.  Not to mention that 725 ILCS 5/108B-11
of the Criminal Procedures  allows the right to access'of that viderp
under Home Deport's survelance camera.

Wherefore, appellant ask that this court recognize that
absent of these authorities will not help nor injure the state in any
form and to argue that appellant should be held to the same stands as an
attorney is tanimount to asking a young girl to give her baby the same
care as a matured mother.  It would mean up setting the legal process
at every stage.  Including issues from the penial correction.
                Appellant pray to allow the pending appeal over a year on fill
to go forward without the assistance of counsel; or, grant a new attorne

                                            2                Respectfully submitted,
                                                             Fred Wilson



# OFFICE OF THE STATE APPELLATE DEFENDER
# FIRST JUDICIAL DISTRICT

203 NORTH LASALLE STREET
24TH FLOOR
CHICAGO, ILLINOIS 60601
TELEPHONE: 312/814-5472
FAX: 312/814-1447

**MICHAEL J. PELLETIER**
DEPUTY DEFENDER

May 8, 2007

**LEVI S. HARRIS**
ASSISTANT APPELLATE DEFENDER

Mr. Fred Wilson
15630 S. Loomis
Harvey, IL  60426

Dear Mr. Wilson:

I received your packet of information on Thursday, April 19, 2007. I tried to contact you by phone on Monday, April 30, and I left a message when no one answered. Because I have not heard from you, I wanted to write to address some of the concerns from your April 14 letter.

In our *Anders* Motion to Withdraw as your counsel, we are not merely arguing that your case is moot. Because we believe your case to be moot, we tried to contact you several times in February to discuss with you the possibility of dismissing your appeal. However, when we could not get in touch with you, we had to file an *Anders* motion, in which we explained to the Appellate Court the various issues we considered raising on your behalf and then explained why those issues had no merit. In effect, what the *Anders* motion argues is that, regardless of whether your case is in fact moot, there are no arguments that we could make on your behalf anyway.

You are free to object to our motion in writing with the Appellate Court, which I encouraged you to do in the letter I sent you accompanying our *Anders* motion on March 27 and the letter I sent you April 15. But until the Court rules on our *Anders* motion, our position remains unchanged that there are no meritorious issues to be raised on your behalf. Remember that you have until June 8 to send any objections you have to the Appellate Court.

Now, as to retaining private counsel, I want to make clear that that is your decision. If you want to talk to an attorney about expungement or any other options you may have, you are more than welcome to, but understand that I am not expressing any opinion as to how worthwhile that would be.

I wish you all the best, Mr. Wilson.

# LOUIS V. KIEFOR

ATTORNEY AT LAW
684 STATE LINE
CALUMET CITY, IL. 60409
——
862-2400
AREA CODE 708

FAX 708-891-5266

APRIL 11, 2007

FRED WILSON

RE: MOOTNESS

Dear Mr. Wilson:

Please advise the attorney appointed to assist in the
preparation of your brief, to consider the following cases:

BROWN v. MURPHY, 278 Ill.App.3rd 981   (1st Dist. 1996)

IN RE SCIARA, 21 Ill.App.3rd 889, 895 (1st Dist. 1974)

PATEL v. ILLINOIS STATE MED. SOCIETY, 298 Ill.App.3rd 356, (1st Dist 19

The attorney ought to consider the impact upon your life,
including collateral consequences.

If the criminal proceedings and records could be immediately
expunged, the mootness argument might prevail, but there are
some attorneys who believe a finding of guilt or other adverse
finding in a criminal proceeding can not become moot until a
court on review enters an order of reversal, and a new trial
is held which results in a not guilty finding.

LOUIS V. KIEFOR

# Apprehension Report

Business Unit/Store # __1936__
Case # ____
Incident Date __4/8/05__

Incident Type: (Check One)
- [ ] MON
- [ ] TUE
- [ ] WED
- [ ] THUR
- [x] FRI
- [ ] SAT
- [ ] SUN

- [ ] Theft by Vendor
- [ ] Fraud-Credit Card
- [ ] Fraud-Check
- [ ] Fraud-Refund
- [ ] Other: ____

**Subject**

| | |
|---|---|
| Last Name: WILSON | First Name: FRED | Mi: | Telephone No. 708-399-9905 (708) 339- |
| Street Address (No PO Boxes): 15630 So Loomis | City: HARVEY | State/Province: IL | Zip/Postal Code: 60426 |
| Sex: [x] Male [ ] Female | DOB: 5/23/36 | Age: 68 [x] Adult [ ] Juvenile | Race: BLK | HT: 6 FT 1 IN | WT: 200 | Hair: BLK | Eyes: BRN |

ID Type: [ ] None [ ] Military [ ] State/Prov IL  [x] Driver's License [ ] Student [ ] Other
ID Number: 4252-4036-147w
EXPIRED 92

SSN/SIN: 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

Distinguishing Features (physical attributes)

**Apprehension**

Apprehended by (Last Name): VENTURELLI
Apprehended by (First Name): SUSAN
Apprehended by (ID): 4167

Where Approached:
- [x] Main Exit
- [ ] Contractor Exit
- [ ] Center Exit
- [ ] Front Entrance
- [ ] Special Services
- [ ] Garden Front Exit
- [ ] Garden Back/Side Exit
- [ ] Rear Building Exit
- [ ] Other:

Handcuffs: [ ] Yes [ ] No
CCTV Utilized: [ ] Yes [x] No
Weapons Recovered: [ ] Yes [x] No

Time of Approach: 4:00 [ ] AM [x] PM

Name(s) of Accomplice(s) Apprehended (Last & First Name(s)): NONE

Office Witness 1 (Last Name): DeHoyos
Office Witness 1 (First Name): Guadalupe

Office Witness 2 (Last Name):
Office Witness 2 (First Name):

Method of Theft:
- [ ] Not Applicable
- [x] Concealed on Person
- [ ] Concealed in HD Bag
- [ ] Concealed Other:
- [ ] Concealed in Box/Other Produce
- [ ] Roll Out-Unconcealed
- [ ] Price Switch
- [ ] Refund
- [ ] Walkout with Paperwork

Credit, Check, Refund, Other Fraud Amount: $ 0.00
Cash in Subject's Possession: $ 0.00

Any Credit Cards Present: [ ] Yes [x] No [ ] Unknown
Home Depot Credit Card Number:

**Merchandise**

| Dept # | SKU | UPC | Description | QTY | Unit Price | Total Price | Qty Rcvd | Qty Sellable |
|---|---|---|---|---|---|---|---|---|
| 28 | 483-434 | 786776070590 | Starter Box Ivory | 2 | 5.48 | 10.96 | | |
| 27 | 318-337 | 075638311255 | Hoover Wind Tunnel Belt | 3 | 3.97 | 11.91 | | |
| | 291-454 | 095691861276 | Ridgid Tubing Cutter | 1 | 24.98 | 24.98 | | |
| | 848-059 | 085268870313 | Thermo Couple | 1 | 5.96 | 5.96 | | |
| | 327-838 | 032076043971 | Voltage Tester | 1 | 4.97 | 4.97 | | |
| | 203-106 | 091111020018 | 1/2" Conduit | 2 | 2.39 | 4.78 | | |

Special Services Order Number(s):
Value of Paid Merchandise: Reg# ___ Trans# ___
Total Apprehension Value: (March Taken + Other Amts) $

Total Merchandise Taken: $ 63.56
Total Merchandise Recovered: $ 63.56
Total Merchandise Sellable: $

**Disposition**

Photo of Subject: [x] Yes [ ] No
If "No", Why?
- [ ] No Camera/Film
- [ ] Juvenile
- [ ] Other(include in narrative)

Subject Refused
- [ ] No Camera/Film

Released: [ ] Yes [x] No
Time Released: [ ] AM [ ] PM

Police Called: [x] Yes [ ] No
PD Report Nbr:

Photo of Merch: [x] Yes [ ] No
If "No", Why?
- [ ] No Camera/Film
- [ ] N/A - Other

If Released to Parent/Guardian
Name & Relationship:

Police Responded: [x] Yes [ ] No

Notice of Intent / Civil Demand:

Disposition of Merchandise Recovered:
- [ ] Not Applicable
- [ ] Returned to Stock
- [ ] Damaged/Markdown to Zero
- [ ] Returned to Stock/Markdown
- [ ] Tagged for Evidence
- [ ] Police Seized

System Submit Date:

Last Name: Poortinga  ID #: 28

| | Time Parent/Guardian | | | Time Police | | | |
|---|---|---|---|---|---|---|---|
| | Called | Arrived | Departed | Called | Arrived | Dep |
| | [ ] AM [ ] PM | [ ] AM [ ] PM | [ ] AM [ ] PM | 4:15 [ ] AM [x] PM | 4:30 [ ] AM [x] PM | |

**Privileged and Confidential - prepared at direction of counsel.**

# HOMEWOOD POLICE DEPARTMENT  GENERAL CASE REPOR

| OFFENSE / INCIDENT | | | U.C.R. | STATUS | BEAT | SHIFT |
|---|---|---|---|---|---|---|
| Retail Theft | | | 0860 | 03 | 01 | 03 |

| ADDRESS OF OCCURRENCE | NAME OF BUSINESS / LOCATION |
|---|---|
| 17845 Halsted | Home Depot |

| DATE REPORTED (MM-DD-YY) | TIME | OCCURRED | DATE (MM-DD-YY) | TIME | AND | DATE (MM-DD-YY) | TIME |
|---|---|---|---|---|---|---|---|
| 4/8/05 | 1600 | ☒ ON ☐ BETWEEN | 04-08-05 | 1600 | | | |

| ☒ COMPLAINANT ☐ VICTIM | | SEX | RACE | DOB (MM-DD-YY) | CAN IDENTIFY | RES. PHONE |
|---|---|---|---|---|---|---|
| Venturelli, Susan C. | | F | W | 11-25-66 | ☒ YES ☐ NO | |

| ADDRESS | CITY | STATE | ZIP | SOC | BUS. PHONE |
|---|---|---|---|---|---|
| 17845 Halsted St. | Homewood, IL. 60430 | | | | 708-647-6084 |

| ☒ VICTIM ☐ WITNESS | | SEX | RACE | DOB (MM-DD-YY) | CAN IDENTIFY | RES. PHONE |
|---|---|---|---|---|---|---|
| Home Depot | | | | | ☐ YES ☐ NO | |

| ADDRESS | CITY | STATE | ZIP | SOC | BUS. PHONE |
|---|---|---|---|---|---|
| 17845 Halsted St. | Homewood, IL. 60430 | | | | 708-647-6084 |

| ☐ VICTIM ☐ WITNESS | | SEX | RACE | DOB (MM-DD-YY) | CAN IDENTIFY | RES. PHONE |
|---|---|---|---|---|---|---|
| | | | | | ☐ YES ☐ NO | |

| ADDRESS | CITY | STATE | ZIP | SOC | BUS. PHONE |
|---|---|---|---|---|---|
| | | | | | |

| ☐ SUSPECT ☒ OFFENDER ☐ UNKNOWN | ARREST # | 05-0303 |
|---|---|---|

| #1 (Last, First, MI) OR DESCRIBE CLOTHING | SEX | RACE | DOB (MM-DD-YY) | HT | WGT | RES. PHONE |
|---|---|---|---|---|---|---|
| Wilson, Fred | M | B | 05-23-36 | 601 | 195 | 708-466-9925 |

| ADDRESS | CITY | STATE | ZIP | COLOR HAIR | COLOR EYES | SOC |
|---|---|---|---|---|---|---|
| 15630 S. Loomis | Harvey, IL. 60426 | | | Blk | Bro | 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 |

| #2 (Last, First, MI) OR DESCRIBE CLOTHING | SEX | RACE | DOB (MM-DD-YY) | HT | WGT | RES. PHONE |
|---|---|---|---|---|---|---|
| | | | | | | |

| ADDRESS | CITY | STATE | ZIP | COLOR HAIR | EYES | SOC |
|---|---|---|---|---|---|---|
| | | | | | | |

## VICTIM / SUSPECT VEHICLE INFORMATION

| | YEAR | MAKE | MODEL | BODY ST | COLOR TOP | BOTTOM | LICENSE NO. | STATE | MONTH | YEAR |
|---|---|---|---|---|---|---|---|---|---|---|
| ☐ VICTIM ☐ SUSPECT | | | | | | | | | | |
| ☐ VICTIM ☐ SUSPECT | | | | | | | | | | |

## LEADS ENTRY

| | LEADS NUMBER | DATE ENTERED | TIME | OP | DATE CANCELLED | TIME | OP |
|---|---|---|---|---|---|---|---|
| #1 | | | | | | | |
| #2 | | | | | | | |

| | | | | ☒ CONTINUED ON REVERS |
|---|---|---|---|---|

| DATE REPORTING OFFICER ARRIVED | | | | DATE INVESTIGATION COMPLETED | | | | APPROVED | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| MONTH | DAY | YEAR | TIME | MONTH | DAY | YEAR | TIME | MONTH | DAY | YEAR | TIME |
| 04 | 08 | 05 | 1616 | 04 | 08 | 05 | 1630 | 04 | 08 | 05 | 3/00 |

| REPORTING OFFICER (PRINT) | STAR # | ASSISTING OFFICER (PRINT) | STAR # | SUPERVISOR APPROVING | STAR # |
|---|---|---|---|---|---|
| Poortinga | 28 | | | AWC Poninski | 18 |

| SIGNATURE | SIGNATURE | SIGNATURE |
|---|---|---|
| | | #18 |

REV. 03/

INCIDENT NUMBER: 04-0486-05

In summary, I responded to Home Depot for a report of shoplifter in custody. Upon arrival I met with the complainant, a security agent for Home Depot, in the security office. She informed me that she observed the offender select several hardware items and conceal them in his clothing. The offender then walked past all points of purchase at which time he was detained by the complainant.

Upon learning of the above events, I placed the offender into custody and transported him to the Homewood Police Department for processing. He was charged with Retail Theft 720 ILCS 5/16a-3-a and his court date is May 23rd, 2005 at 9:00am in room 206 of the Markham Court House.

Total Value Taken and Recovered- $63.56

All items were retained by Home Depot.

(c) A court of competent jurisdiction, upon filing of a motion, may in its discretion make available to those persons or their attorneys for inspection those portions of the intercepted communications, applications and orders as the court determines to be in the interest of justice.

(d) On an ex parte showing of good cause to a court of competent jurisdiction, the serving of the inventories required by this Section may be postponed for a period not to exceed 12 months.

Laws 1963, p. 2836, § 108B–11, added by P.A. 85–1203, § 2, eff. Jan. 1, 1989. Amended by P.A. 92–854, § 20, eff. Dec. 5, 2002.

Formerly Ill.Rev.Stat.1991, ch. 38, ¶ 108B–11.

## 5/108B–12.  Approval, notice, suppression

§ 108B–12.  Approval, notice, suppression.

(a) If an electronic criminal surveillance officer, while intercepting a private communication in accordance with the provision of this Article, intercepts a private communication that relates to an offense other than an offense enumerated in Section 108B–3 of the Act, or relates to an offense enumerated in Section 108B–3 but not specified in the order of authorization, the State's Attorney, or a person designated in writing or by law to act for him, may, in order to permit the disclosure or use of the information under Section 108B–2a of this Act, make a motion for an order approving the interception. The chief judge of a court of competent jurisdiction shall enter an order approving the interception if he finds that at the time of the application, there existed probable cause to believe that a person whose private communication was intercepted was committing or had committed an offense and the content of the communication relates to that offense, and that the communication was otherwise intercepted in accordance with the provisions of this Article.

(b) An intercepted private communication, or evidence derived from it, may not be received in evidence or otherwise disclosed in an official proceeding unless each aggrieved person who is a party in the official proceeding, including any proceeding before a legislative, judicial, administrative or other governmental agency or official authorized to hear evidence under oath or other person taking testimony or depositions in any such proceeding, other than a grand jury, has, not less than 10 days before the official proceeding, been furnished with a copy of the court order, and the accompanying application, under which the interception was authorized or approved. The 10 day period may be waived by the presiding official if he finds that it was not practicable to furnish the person with the information 10 days before the proceeding, and that the person will not be or has not been prejudiced by delay in receiving the information.

(c) An aggrieved person in an official proceeding may make a motion under this Section to suppress the contents of an intercepted private communication, or evidence derived from it, on the grounds that:

(1) The communication was unlawfully intercepted;

(2) The order of authorization or approval under which it was intercepted is insufficient on its face; or

(3) The interception was not made in conformity with the order of authorization or approval or at the time of the application there was not probable cause to believe that the aggrieved person was committing or had committed the offense to which the content of the private communication relates.

(d) If a motion under this Section duly alleges that the evidence sought to be suppressed in an official proceeding, including a grand jury, has been derived from an unlawfully

intercepted private communication, and if the aggrieved person who is a party has not been served with notice of the interception under this Section, the opponent of the allegation shall, after conducting a thorough search of its files, affirm or deny the occurrence of the alleged unlawful interception, but no motion shall be considered if the alleged unlawful interception took place more than 5 years before the event to which the evidence relates.

(e) Where a motion is duly made under this Section prior to the appearance of a witness before a grand jury, the opponent of the motion may make such applications and orders as it has available to the chief judge of a court of competent jurisdiction in camera, and if the judge determines that there is no defect in them sufficient on its face to render them invalid, the judge shall inform the witness that he has not been the subject of an unlawful interception. If the judge determines that there is a defect in them sufficient on its face to render them invalid, he shall enter an order prohibiting any question being put to the witness based on the unlawful interception.

(f) Motions under this Section shall be made prior to the official proceeding unless there was no opportunity to make the motion or unless the aggrieved person who is a party was not aware of the grounds for the motion. Motions by co-indictees shall, on motion of the People, be heard in a single consolidated hearing.

(g) A chief judge of a court of competent jurisdiction, upon the filing of a motion by an aggrieved person who is a party under this Section, except before a grand jury, may make available for inspection by the aggrieved person or his attorney such portions of the intercepted private communications, applications and orders or the evidence derived from them as the judge determines to be in the interest of justice.

(h) If a motion under this Section is granted, the intercepted private communication, and evidence derived from it, may not be received in evidence in an official proceeding, including a grand jury.

(i) In addition to any other right of appeal, the People shall have the right to appeal from an order granting a motion to suppress if the official to whom the order authorizing the interception was granted certifies to the court that the appeal is not taken for purposes of delay. The appeal shall otherwise be taken in accordance with the law.

Laws 1963, p. 2836, § 108B–12, added by P.A. 85–1203, § 2, eff. Jan. 1, 1989. Amended by P.A. 92–854, § 20, eff. Dec. 5, 2002.

Formerly Ill.Rev.Stat.1991, ch. 38, ¶ 108B–12.

## 5/108B–13.  Reports concerning use of eavesdropping devices

§ 108B–13.  Reports concerning use of eavesdropping devices.

(a) Within 30 days after the expiration of an order and each extension thereof authorizing an interception, or within 30 days after the denial of an application or disapproval of an application subsequent to any alleged emergency situation, the State's Attorney shall report to the Department of State Police the following:

(1) the fact that such an order, extension, or subsequent approval of an emergency was applied for;

(2) the kind of order or extension applied for;

(3) a statement as to whether the order or extension was granted as applied for was modified, or was denied;

(4) the period authorized by the order or extension which an eavesdropping device could be used;

(5) the offense en specified in the orde tion;

(6) the identity o veillance officer and State's Attorney aut

(7) the nature of where the eavesdro

(b) In January of county in which an provisions of this Ar State Police the follov

(1) a general de devices actually m record conversatio ture and frequenc heard, (b) the app conversations ove persons whose co approximate natu and other resource use an eavesdropi

(2) the number of eavesdropping rests were made;

(3) the number eavesdropping de

(4) the numbe spect to such use

(5) the numbe and the offenses and a general as tions.

On or before M Department of St report of all interc in this Article and year. Such repor

(1) the repor Director as req

(2) the numl possess, install devices;

(3) the num ment personne of intercepts p calendar year;

(4) the num bers trained b

(5) the tota procedures re preceding cal manpower, an facilities o department;

(6) a sum pursuant to agency of us with crime e Criminal Prc agency of us agency of us agency

IN THE SUPREME COURT OF ILLINOIS


FRED WILSON,                            )     APPELLATE COURT, FIRST
                 pro se petitioner      )     JUDICIAL DISTRICTNO
                                        )
                                        )     NO.   1-06-1156
                                        )
V.                                      )
                                        )     CIRCUIT COURT OF ILL*
                                        )     INOIS, SIX DISTRICT
PERPLE OF THE STATE OF ILLINOIS         )     NO. 0560005502
                                        )
                     respondent         )      HON. JOHN T. TURNER
                                        )     PRESIDING JUDGE
                                        )


NOTICE OF FILING


PEOPLE OF THE STATE OF ILLINOIS
 STATE'S ATTORNEY OFFICE
 RICHARD A. DEVINE
 50 W. Washington st. Room 500
 Chicago, Ill. 60602

You are hereby being notified that on 12-6-07, I submitted for

filing 20 copies of the petition's petition for leave to appeal

to the office of the clerk of the supreme court of Illinois 200 E. Capit

Capitol Avenue, Springfield, Ill. 62701. and 3 copies of the petit-

ion to (each opposing party/by depositing same in the U.S. mail with

. proper postage pre paid, the harvey post offic located at 154th

and Center st, 12, am on 12-6-07.


                              Respectfully submitted
                              Fred Wilson pro se
                              (708) 339-0092

STATE OF ILLINOIS  (
                   (
COUNTY OF COOK     (
                   (


### CERTIFICATE OF COMPLIANCE

    This certificate of compliance is to certify that I Fred
Wilson, pro se petitioner has complied with the supreme
court rule 341 (C) to the best of my ability


### PROOF OF SERVICE

The undersigned Fred Wilson, being first duly sworn/affirms
on oath, depose and says/that he/ sent the required number of

copies of the attached petition for leave to appeal to the clerk
of the supreme court of Illinois, and to the people of the state
of Illinois located at 50 W. Washington St., room 500, in the city
of chicago, Ill. 60602 by depositing the same into the U.S. mail shute
with proper postage located at 154th, and Center st, Harvey, Ill
60426



SUBSCRIBE AND SWORN TO BEFORE ME THIS DATE

12-7-07

NOTARY'S OFICIAL SEAL

                                    *Fred Wilson*
                                      FRED WILSON

"OFFICIAL SEAL"
JANIE ARREDONDO
Notary Public State of Illinois
My Commission Expires 4th 18, 2008

Subscribed and sworn to before me

this ___6th___ day of DECEMBER 2007

at Harvey, County of Cook, State of Illinois.

Notary Public *Janie Arredondo*