IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Fred Wilson, | ) | |
| | ) | |
| Plaintiff, *pro se*, | ) | 08 C 3779 |
| | ) | |
| v. | ) | |
| | ) | Judge Virginia M. Kendall |
| Richard A. Devine, State's Attorney of Cook County, | ) | |
| | ) | Magistrate Judge Arlander Keys |
| | ) | |
| Defendant. | ) | |

### STATE'S ATTORNEY RICHARD A. DEVINE'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS

Defendant RICHARD A. DEVINE, State's Attorney of Cook County, by and through his attorneys, PATRICK T. DRISCOLL, JR., Deputy State's Attorney, LOUIS R. HEGEMAN, and R. SETH SHIPPEE, Assistant State's Attorneys, submits the following Memorandum of Law in support of his Motion to Dismiss Plaintiff's Civil Complaint for Wrongful Conviction ("Complaint") pursuant to FRCP 12(b)(1).

### INTRODUCTION

The following facts are taken from the Illinois Appellate Court opinion attached to Plaintiff's Complaint, *People v. Fred Wilson*, Docket No. 1-06-1156 (referred to herein[1] as Complaint Exhibit 1):

Following a bench trial, Fred Wilson ("Plaintiff") was convicted of misdemeanor retail theft and sentenced to twelve months' supervision. (Complaint Exhibit 1, p. 1, ¶ 1). Plaintiff's period of supervision ended on March 6, 2007. *Id*. In his State court appeal of his conviction, Plaintiff argued that he had received ineffective assistance of counsel because his attorney had

---

[1] Although Plaintiff attaches an "Appendix" to his Complaint, individual exhibits are not labeled. For convenience, Plaintiff's exhibits are referred to herein as "Exhibit 1," "Exhibit 2," etc. *vis a vis* the order they appear in the Appendix.

proceeded to trial without the State producing the items Plaintiff was accused of stealing. (*Id*. at p. 4, ¶ 3.) Plaintiff also argued that his conviction for retail theft without the State producing the allegedly stolen items was improper. *Id*.

In its opinion, the Appellate Court noted that the State is not required to produce stolen merchandise in court in order to sustain a conviction for retail theft. (*Id*. at p. 5, ¶ 1). Therefore, the court reasoned, Plaintiff's counsel could not have been "ineffective" because he allowed the trial to proceed without challenging the absence of those items (an endeavor the court described as "futile"). *Id*. Finding "no merit in [Plaintiff's] claim," the court affirmed Plaintiff's conviction for retail theft. (*Id*. at p. 4, ¶ 4; p. 5, ¶ 3). Plaintiff subsequently filed a petition for rehearing with the Illinois Appellate Court (*See* Complaint Exhibit 4) which was denied (*See* Complaint Exhibit 2). Plaintiff's petition for leave to appeal to the Illinois Supreme Court was also denied. (*See* Complaint Exhibit 3).

## SUMMARY OF ARGUMENT

Plaintiff's *pro se* Complaint against State's Attorney Devine[2] asks this Court to reverse the decision of the Illinois Appellate Court affirming his criminal conviction for which he was sentenced to and completed twelve months' supervision. However, the United State's Supreme Court is the only Federal judicial body that may review decisions of state courts, and Plaintiff's Complaint is therefore barred by the *Rooker-Feldman* Doctrine. Even interpreting Plaintiff's *pro se* Complaint liberally, it also would not constitute a valid petition for *habeas corpus* relief under Section 2254, because Plaintiff's sentence has been fully served and discharged, and he is no longer "in custody." Accordingly, this Court lacks jurisdiction over Plaintiff's claim, and this

---

[2] Plaintiff has named State's Attorney Devine, the elected State's Attorney of Cook County, as the sole defendant in this case, which seeks the reversal of Illinois state court rulings. Defendant Devine asks that this Court take judicial notice that he, as the State's Attorney of Cook County, has no authority or control over the decisions of the Illinois Appellate Courts, the Illinois Supreme Court, or any other judicial body.

2

case should be dismissed with prejudice pursuant to Rule 12(b)(1).

**STANDARD FOR DISMISSAL PURSUANT TO RULE 12(B)(1)**

A motion to dismiss for lack of subject matter jurisdiction is considered under Rule 12(b)(1). *St. John's United Church of Christ v. City of Chicago*, 582 F.3d 625, 616 (7th Cir. 2007). This Court may properly look beyond the jurisdictional allegations of the Complaint and view whatever evidence has been submitted on the issue to determine whether subject matter jurisdiction exists. *Capitol Leasing Co. v. F.D.I.C.*, 999 F.2d 188, 1919 (7th Cir. 1993). Moreover, a *pro se* litigant's complaint should be construed liberally when considering a motion to dismiss. See *Korsunskiy v. Gonzales*, 461 F.3d 847, 850 (7th Cir. 2006).

**ARGUMENT**

A.  **Plaintiff's Complaint Seeks Review of a State Court Judgment and is Barred by the *Rooker-Feldman* Doctrine.**

Any effort to obtain United States District Court review of a State court conviction is barred by the *Rooker-Feldman* Doctrine. *Sides v. City of Chicago*, 496 F. 3d 820, 824 (7th Cir. 2007). The *Rooker-Feldman* Doctrine establishes that, except to the extent authorized by 28 U.S.C. § 2254 (governing *habeas corpus* relief), only the Supreme Court of the United States may set aside a judgment entered by a state court. *Id.* Petitioners are not allowed to take an appeal of an unfavorable state-court decision to a lower federal court. *Id.* (*citing Lance v. Dennis*, 546 U.S. 459 (2006); *Exxon Mobil Corp v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). In effect, the *Rooker-Feldman* Doctrine makes it clear that "no matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment." *Remer v. Burlington Area School Dist.*, 205 F.3d 990, 996 (7th Cir. 2000).

In the instant case, Plaintiff's Complaint asks "that this Hon. court reverse the courts [sic]

3

Order affirming plaintiff [sic] conviction and allow plaintiff to clear his record." (Complaint, p. 1, ¶ 2). Plaintiff seeks no other relief. As noted above, the United States Supreme Court is the only federal court with jurisdiction to review a state court judgment. *See Remer*, 205 F.3d at 996. Because Plaintiff asks that this Court review and reverse a state court judgment, the *Rooker-Feldman* Doctrine applies; this Court lacks jurisdiction over Plaintiff's claim, and Plaintiff's Complaint should be dismissed in its entirety with prejudice pursuant to Rule 12(b)(1).

    **B.**     **Even a Liberal Reading of Plaintiff's Complaint Demonstrates that He Cannot State a Claim for *Habeas Corpus* Relief Because He is No Longer "In Custody."**

Even if this Court were to take a broad reading of Plaintiff's Complaint as a petition for *habeas* relief, Plaintiff's claim still fails. 28 U.S.C. § 2254, the federal statute allowing collateral review of state convictions (*i.e. habeas corpus* petitions), applies only to persons "in custody pursuant to the judgment of a State court" at the time of filing. 28 U.S.C. § 2245 (2008); *See also Sides*, 496 F. 3d at 824. The requirement is jurisdictional, and if the petitioner is not "in custody" when the petition is filed, the federal courts lack authority to grant a writ of *habeas corpus*. *Carafas v. LaVallee*, 391 U.S. 234, 238-240 (1968).

For purposes of Section 2254 and *habeas corpus* petitions, "in custody" means that the petitioner must be under some form of continuing government supervision or the existence of an imminent possibility of incarceration without an intervening formal judicial proceeding. *Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973). The custody requirement is satisfied by a wide variety of constraints not involving actual physical incarceration, such as release on probation. *Fawcett v. Bablitch*, 962 F.2d 617, 618 (7th Cir. 1992). However, a petitioner is not "in custody" if he has already served his sentence and is completely discharged as to the underlying conviction. *Lowery v. Young*, 887 F.2d 1309, 1312 (7th Cir. 1989).

In the instant case, according to the Illinois Appellate Court opinion attached to

4

Plaintiff's Complaint (Complaint Exhibit 1), Plaintiff was sentenced to twelve months' supervision, which was completed on March 6, 2007, effectively discharging Plaintiff's sentence. (*See* Complaint Exhibit 1, p. 1, ¶¶ 1-2)). Plaintiff filed his Complaint in this case on July 2, 2008. Thus, as a matter of law, Plaintiff is no longer "in custody" for the purposes of Section 2254, and his Complaint also fails as a *habeas corpus* petition. Therefore, the *Rooker-Feldman* Doctrine controls this case, and Plaintiff's Complaint should be dismissed in its entirety with prejudice pursuant to Rule 12(b)(1).

## CONCLUSION

The United State's Supreme Court is the only Federal judicial body that may review decisions of state courts, and Plaintiff's Complaint is therefore barred by the *Rooker-Feldman* Doctrine. Moreover, even interpreting Plaintiff's *pro se* Complaint liberally, it does not constitute a valid petition for *habeas corpus* relief because Plaintiff's sentence has already been served and discharged, and thus he cannot meet the "in custody" requirement of Section 2254. Accordingly, this Court lacks jurisdiction over Plaintiff's claim, and Plaintiff's Complaint should be dismissed in its entirety with prejudice.

WHEREFORE, Defendant, RICHARD A. DEVINE, State's Attorney of Cook County, respectfully requests that this Honorable Court dismiss Plaintiff's Complaint with prejudice pursuant to Rule 12(b)(1).

                Respectfully submitted,
                RICHARD A. DEVINE
                State's Attorney of Cook County

By:  /s/ R. Seth Shippee
       Assistant State's Attorney

Patrick T. Driscoll, Jr.
Deputy States Attorney
Chief, Civil Actions Bureau

Louis R. Hegeman
Supervisor, Special Projects and Assignments

R. Seth Shippee
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-5440