IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Fred Wilson, | ) | |
| | ) | |
| Plaintiff, *pro se*, | ) | 08 C 3779 |
| | ) | |
| v. | ) | |
| | ) | Judge Virginia M. Kendall |
| Richard A. Devine, State's Attorney of | ) | |
| Cook County, | ) | Magistrate Judge Arlander Keys |
| | ) | |
| Defendant. | ) | |

**REPLY OF STATE'S ATTORNEY RICHARD A. DEVINE
IN SUPPORT OF HIS MOTION TO DISMISS**

Defendant RICHARD A. DEVINE, State's Attorney of Cook County, by and through his attorneys, PATRICK T. DRISCOLL, JR., Deputy State's Attorney, LOUIS R. HEGEMAN, and R. SETH SHIPPEE, Assistant State's Attorneys, submits this reply to Plaintiffs "Response to Defendant's Motion to Dismiss."

In his *pro se* Complaint against State's Attorney Devine[1], Plaintiff asks this Court to reverse the decision of the Illinois Appellate Court affirming his criminal conviction for which he was sentenced to and completed twelve months' supervision. (*See* Complaint, p. 1, ¶¶ 1-2). However, the United State's Supreme Court is the only Federal judicial body that may review such state court decisions, and Plaintiff's Complaint is therefore barred by the *Rooker-Feldman* Doctrine. *See Sides v. City of Chicago*, 496 F. 3d 829, 824 (7th Cir. 2007). Even interpreting Plaintiff's *pro se* Complaint liberally, it also would not constitute a valid petition for *habeas*

---

[1] Subsequent to State's Attorney Devine filing his motion to dismiss, Plaintiff filed a motion to name additional defendants in this case, including Home Depot, Attorney Raymond Morrisey, and two security officers. State's Attorney Devine submits that the addition of these defendants would have no bearing on the factual allegations of Plaintiff's Complaint or the relief Plaintiff is seeking, *i.e.* this Court's review and reversal of decisions by the Illinois Appellate Court. Accordingly, even if Plaintiff were to name addition defendants, this Court would still lack jurisdiction, and Plaintiff's Complaint would still be barred by the *Rooker-Feldman* doctrine.

*corpus* relief under Section 2254, because Plaintiff's sentence has been fully served and discharged, and he is no longer "in custody." <u>See</u> 28 U.S.C. § 2245 (2008); <u>see also</u> <u>Sides</u>, 496 F. 3d at 824; *Carafas v. LaVallee*, 391 U.S. 234, 238-240 (1968)(the "in custody" requirement is jurisdictional). Accordingly, this Court lacks jurisdiction over Plaintiff's claim, and State's Attorney Devine has requested that this case be dismissed with prejudice pursuant to Rule 12(b)(1).

In his Response to Defendant's Motion to Dismiss ("Response"), Plaintiff asserts that he has, in fact, properly filed his Complaint for review of the Illinois state court's decision with this Court. (<u>Response</u>, p. 2, ¶ 1). In support, Plaintiff summarizes a series of telephone conversations with one or more persons at the office of the Clerk of the Supreme Court of the United States ("Clerk"), in which Plaintiff maintains he was informed that United States District Court would be the proper venue in which to seek review of an Illinois state court decision. (<u>Response</u>, p. 1, ¶¶ 2-4; p. 2, ¶ 1). This, Plaintiff reasons, shows that this Court does, in fact, have jurisdiction over Plaintiff's claim.

Any erroneous information Plaintiff may have received from an employee of Clerk of the U.S. Supreme Court would not change the fact that, in accordance with the *Rooker-Feldman* Doctrine, this Court has no jurisdiction to review Illinois state courts decisions (other than *habeas corpus* petitions). Indeed, the information Plaintiff states he received from the Clerk's office would not necessarily have been erroneous if Plaintiff's claim had been amenable to a *habeas corpus* petition[2]. However, as explained above and in State's Attorney Devine's memorandum in support, Plaintiff's Complaint fails as a *habeas* petition because Plaintiff's sentence of twelve months' supervision has been fully served and discharged. Therefore,

---

[2] The fact that Plaintiff characterizes his situation as, "I [am] fighting for my life" (<u>Response</u>, p. 2, ¶ 1), seems to indicate that anyone hearing that statement could have reasonably understood Plaintiff to be seeking *habeas* relief.

Plaintiff is under no ongoing threat of incarceration for this same conviction, and he is no longer "in custody" as required by 28 U.S.C. § 2245.

## CONCLUSION

The United State's Supreme Court is the only Federal judicial body that may review state court decisions, and Plaintiff's Complaint is therefore barred by the *Rooker-Feldman* Doctrine. Even interpreting Plaintiff's *pro se* Complaint liberally, it does not constitute a valid petition for *habeas corpus* relief because Plaintiff's sentence has already been fully served and discharged, and thus he cannot meet the "in custody" requirement of Section 2254. Moreover, the application of the *Rooker-Feldman* Doctrine and the requirements of Section 2254 would not be affected even if Plaintiff received incorrect (or incorrectly interpreted) information from someone at the Office of the Clerk of the United States Supreme Court. Accordingly, this Court lacks jurisdiction over Plaintiff's claim.

WHEREFORE, Defendant, RICHARD A. DEVINE, State's Attorney of Cook County, respectfully requests that this Honorable Court dismiss Plaintiff's Complaint with prejudice pursuant to Rule 12(b)(1).

> Respectfully submitted,
> RICHARD A. DEVINE
> State's Attorney of Cook County
>
> By:   /s/ R. Seth Shippee
>       Assistant State's Attorney

Patrick T. Driscoll, Jr.
Deputy States Attorney
Chief, Civil Actions Bureau

Louis R. Hegeman
Supervisor, Special Projects and Assignments
R. Seth Shippee
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-5440